OPINION
Defendant-appellant, Terrance D. Belfon, appeals from the judgments of the Franklin County Court of Common Pleas ordering appellant to serve consecutive sentences of imprisonment.
In case No. 99AP-663, appellant pled guilty to a bill of information charging him with obstructing justice in violation of R.C. 2921.32. In case No. 99AP-665, appellant was originally charged with possession of cocaine, in violation of R.C. 2925.11, as a second-degree felony with a firearm specification. However, appellant entered a guilty plea to the charge of possession of cocaine as a fourth-degree felony without a firearm specification. The trial court sentenced appellant to twelve months imprisonment on the obstruction of justice offense, and sentenced appellant to seventeen months of imprisonment on the cocaine possession offense. The trial court ordered the sentences to be served consecutively for an aggregate total of twenty- nine months of imprisonment.
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT ERRED WHEN IT ORDERED THE TWO SENTENCES TO BE SERVED CONSECUTIVELY WITHOUT SETTING FORTH THE REQUIRED STATUTORY FINDINGS DURING THE IMPOSITION OF THE SENTENCE AND FURTHER ERRED BY IMPOSING CONSECUTIVE SENTENCES WHEN THE RECORD DID NOT SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES.
In his single assignment of error, appellant asserts that the trial court did not adhere to the statutory requirements when it ordered appellant to serve consecutive sentences. We agree.
Before a trial court may impose consecutive sentences on a defendant, the trial court must make findings that the defendant meets relevant criteria outlined in R.C. 2929.14. Furthermore, R.C. 2929.19(B)(2)(c) mandates that the trial court give reasons behind its determinations before imposing such consecutive sentences on a defendant.
The requirement in R.C. 2929.19(B)(2)(c), that a trial court give its reasons for selecting consecutive sentences, goes beyond the requirement that the trial court make findings required by R.C. 2929.14. State v. Brice (Mar. 29, 2000), Lawrence App. No. 98CA24, unreported. Rather, R.C. 2929.19(B)(2) and its subsections require a trial court to provide an explanation to support its findings. State v. Edmonson (1999), 86 Ohio St.3d 324,326. Thus, R.C. 2929.19(B)(2)(c) demands that the trial court justify the findings it has made under R.C. 2929.14. Brice; see, also, State v. Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported (recognizing that R.C. 2929.19 reinforces the R.C. 2929.14 requirement that the trial court's choice of prison term be predicated upon specific findings); see, also, State v.Hurst (Mar. 7, 2000), Franklin App. No. 98AP-1549, unreported (noting that a record must contain an indication that the trial court considered the statutory factors in its determination). The trial court's findings and reasonings need not be specified in the sentencing entry so long as they are discernible from the record as a whole. State v. Hess (May 13, 1999), Franklin App. No. 98AP-983, unreported.
In this case, the trial court's sentencing entries contain the findings required by R.C. 2929.14. However, the record establishes that the trial court did not make the required explanations to support its findings. The record demonstrates that, when the trial court announced its sentences at the sentencing hearing, the trial court concluded that prison sentences would be better punishment than community control sanctions and proceeded to give its explanations for concluding as such. After imposing the prison terms, the trial court acknowledged that the offenses were separate offenses and stated that it would order the sentences to be served consecutively. Such statements do not justify the trial court's findings set out in the judgment entry and do not provide the necessary explanations as to why the trial court concluded that appellant meets the criteria under R.C. 2929.14.
As such, we conclude that the trial court did not adhere to the statutory requirements when it imposed consecutive sentences on appellant. We have the authority to remand a case for resentencing if we conclude that the trial court failed to make the requisite findings and explanations. Hurst; see, also,Edmonson, at 329 (remanding a case for resentencing because the trial court imposed a sentence without specifying any of the findings and reasons required in the sentencing statute).
Accordingly, appellant's assignment of error is sustained and the judgments of the Franklin County Court of Common Pleas are reversed and these cases are remanded to the trial court for further proceedings consistent with this opinion.
 ______________________ KENNEDY, J.
BRYANT and LAZARUS, JJ., concur.